MATT. MILLER, PLAINTIFF IN ERROR, V. BENJAMIN F.
ROLPH, DEFENDANT IN ERROR.

1. **Contested Election.**  This court has jurisdiction to correct
   errors of the district court in administering the law for contest-
   ing elections.

2. **Bill of Exceptions.**  But when there is no bill of exceptions
   this court can only notice such errors as appear on the face of
   the record proper.

ERROR from the district court for Butler county.

*Phelps & Grimison,* for plaintiff in error.

*Horace Garfield and Robberts & Steele,* for defendant
in error.

COBB, J.

The defendant in error filed a motion to dismiss
this case for the following reasons:

1st.   There is no sufficient transcript on file in this
court.

2nd.   The transcript does not show any jurisdiction
in the district court.

3rd.   The said plaintiff in error did not file his pe-
tition in the district court as required by law.

4th.   If this cause was ever tried by the board pro-
vided for in section 26, of chapter 20, General Statutes
of Nebraska, the district court could acquire no juris-
diction by appeal therefrom, because that is not a court
recognized by the constitution.

5th.   The decision of the district court is final.

This cause came to this court by petition in error;
the same party has been plaintiff in all the courts; and
although the section of the statutes under which this
proceeding was originally brought provides that the

Miller v. Rolph.

decision of the district court in such cases on appeal shall be final, yet this court would have jurisdiction to correct errors which the district court might make in administering that or any other statute, but the plaintiff in error does not point out any errors in the record which this court can consider. The plaintiff assigns two grounds of error:

1st. That the said judgment and decision of the district court is not sustained by sufficient evidence.

2nd. That the said judgment was given for the said Benjamin F. Rolph, when it ought to have been given for the said Matt. Miller, according to the law of the land.

Now in order that this court should be able to consider either of these grounds it was necessary that the plaintiff preserve the evidence in the district court and bring it here as a part of the record in the case. This he has not done. There being no bill of exceptions, this court can only look into the record proper for errors; and as the plaintiff does not complain of any such, and as all the rulings in the case, except the final decision, were in the plaintiff's favor, we can find no error there.

There is attached to the transcript in this case what purports to be the testimony taken by the board of justices who originally tried the cause, but whether that was the evidence acted upon by the district court we are not informed. We do not think that it could have been except by consent of parties, and we see nothing of any such consent in the record. In the absence of a bill of exceptions, signed by the judge who tried the cause containing the testimony in the case, this court must presume that there was sufficient evidence before the court to sustain the findings and judgment. As this court has jurisdiction of the cause by virtue of the petition in error and transcript, the mo-

tion to dismiss must be overruled.   But as we find no error in the record the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.